AO 241 (Rev. 10/07) Page 2

RECEIVED
JUN 17 2021
INMATE INITIALS DS

## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | Middle District of Florida |
|---|---|---|
| Name (under which you were convicted):<br>Davion Shakeen Stewart | Docket or Case No.: | |
| Place of Confinement: Northwest Florida Reception Center-Main Unit, 4455 Sam Mitchell Drive, Chipley, Florida. 32428 | Prisoner No.:<br>C11314 | |
| Petitioner (include the name under which you were convicted)<br>Davion Shakeen Stewart | Respondent (authorized person having custody of petitioner)<br>v.   Mark Inch, Secretary, Florida Department of Corrections | |
| The Attorney General of the State of Florida | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
2. 

   In the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida

   (b) Criminal docket or case number: **16-2295 CFC**

2. (a) Date of the judgment of conviction: **January 3, 2017**

   (b) Date of sentencing: **January 3, 2017**

3. Length of sentence: **Life Sentences (concurrent)**

4. In this case, were you convicted on more than one count or of more than one crime?   X Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: **Count One; First degree Premeditated Murder; Count Two; Burglary of a Dwelling with an Assault; Count Three and Four; Burglary of a Dwelling; Count Five; Grand Theft (Motor Vehicle); Count Six; Tampering with Physical Evidence; Count Seven; Criminal Use of Identafication; Count Eight; Grand Theft (property removed from burglary offenses).**

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty              ☐ (3) Nolo contendere (no contest)

   X (2) Guilty   (Plea Agreement)           ☐ (4) Insanity plea

AO 241                          Page 3
(Rev. 10/07)

       (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **Plea to all counts.**

       (c) If you went to trial, what kind of trial did you have? **Not Applicable**

       ☐ Jury                  ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

       ☐ Yes                 X No

8.    Did you appeal from the judgment of conviction?

       **X**Yes                 ☐ No

9.    If you did appeal, answer the following:

       (a) Name of court: **FIFTH DISTRICT COURT OF APPEAL**

       (b) Docket or case number; **5D17-75**

       (c) Result: **Affirmed**

       (d) Date of result: **July 18, 2017**

       (e) Citation to the case: **Stewart v. Sate,, 228 So3d 580**

       (f) Grounds raised: **Unknown.**

       (g) Did you seek further review by a higher state court?      **X Yes**      ☐ No

           If yes, answer the following:

           (1) Name of court: **Not Applicable.**

           (2) Docket or case number: **Not Applicable.**

           (3) Result:**Not Applicable.**

           (4) Date of result (if you know):(5) Citation to the case : **Not Applicable.**

           (6) Grounds raised: **Not Applicable.**

       (h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes     **X**No

           If yes, answer the following: **Not Applicable.**

           (1) Docket or case number: **Not Applicable.**

           (2) Result: **Not Applicable.**

           (3) Date of result: **Not Applicable.**

AO 241 (Rev. 10/07)                                                                                                    Page 4

(4) Citation to the case: **Not Applicable**.

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    **X** Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)(1) Name of court:**In the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida**

    (2) Docket or case number: **16-2295 CFC**

    (3) Date of filing: **September 29, 2017**

    (4) Nature of the proceeding: **Rule 3.850, Motion for Post-Conviction Relief**

    (5) Grounds raised: **Ground One:** Counsel was Ineffective for Affirmatively Misadvising Defendant that if he lost trial the only possible sentence would be the death penalty; **Ground Two:** Defendant asserts counsel was ineffective for allowing Defendant to plea to an illegal sentence( 10-20-Life).

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    **X** Yes    ☐ No

    (7)    Result: **Denied**

    (8)    Date of result: **March 24th, 2020**

    (9)    (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: **Not Applicable**

    (2) Docket or case number: **Not Applicable**

    (3) Date of filing: **Not Applicable**

    (4) Nature of the proceeding:**Not Applicable**

    (5) Grounds raised: **Not Applicable**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    **X** No

    (7) Result:**Not Applicable**

    (8) Date of result: **Not Applicable**

    (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:**Not Applicable**

    (2) Docket or case number: **Not Applicable**

AO 241                                                                                                                                               Page 5
(Rev. 10/07)

        (3) Date of filing: **Not Applicable**

        (4) Nature of the proceeding: **Not Applicable**

        (5) Grounds raised: **Not Applicable**

(6)     Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes         **X No**

        (7) Result: **Not Applicable**

        (8) Date of result: **Not Applicable**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

        (1) First petition:     **X Yes**     ☐ No

        (2) Second petition:   **X Yes**     ☐ No

        (3) Third petition:     ☐ Yes     **X No**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
    **Affirmed without opinion**

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

                **GROUND ONE: TRIAL COUNSEL FAIED TO MOVE FOR MENTAL HEALTH EVALUATIONS**

**(a) Supporting facts:** Counsel failed to request "mental health evaluations" where the Petitioner had advised counsel of previous mental health history of; hospitalizations ( University Pavilion and Fort Lauderdale Pavilion; several social workers and therapy counselors); , "Baker Act" involuntary commitments , and medication regimen[1] of Psychotropic medications prior to and during his incarceration in the county jail. There exist previous evaluations that have determined that the Petitioner has from "suicidal" depression, anti-personality disorder(s), which includes; emotional/ psychological distress, suicidal tendacies, erratic behaviour, poor decision making and the anti-personality disorder that would retard an individuals maturation (mentally) by at least 30%.

        Counsel had a duty to protect the Petitioner's right's **not to be convicted of an offense while incompetent** to proceed

---

[1]Includes **Risperdal**, causes confusion, disorganized thinking, loss of energy, worthlessness, psychomotor retardation (slow moving thinking), and **Seroguel**, treatment for schizophrenia, disorganized thinking (thoughts or making sense), delusions, lack of desire of being around others (See: anti-personality disorder), Manic depressive episodes.

without the present ability to understand the proceedings or to accept a plea to the charged offenses.

There exist previous evaluations that have determined that the Petitioner has and is suffering from "suicidal" (bipoler) depression, possible anti-personality disorder(s), (requiring further evaluations) which includes:; emotional/ psychological distress, suicidal tendacies, erratic behaviour, poor decision making and the anti-personality disorder that would retard an individuals maturation (mentally) by at least 30%.

Further, Petitioner advised counsel that he was taking psychotropic medications for recorded mental health issues and disorders and failed to ensure that the medications did not affect Petitioners ability to sufficiently understand what was going on. There was no inquiry, by counsel or the court as to whether the medication has any euphoric affect; whether Petitioner consumed the medication on the day of the plea hearing and or sentencing. There was just "boilerplate" answers ( as requested by counsel) to questions to end any type of inquiry. Under the circumstances of this case it was incumbent upon counsel to develop sufficient record information supporting Petitioner's competency, or incompetence to enter the guilty plea.

This cause must be reversed for an evidentiary hearing in the least, if not, reverse for psychological evaluations and a full and fair hearing into the Petitioner's competence to proceed in accordance with the **Fifth, Sixth and Fourteenth Amendments of the United States Constitution.**

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes     X No

       (2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel's failure To Challenge.**

(d)     **Post-Conviction Proceedings: Not Applicable.**

(d)     **Post-Conviction Proceedings: Not Applicable.**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐ Yes      X No

       (2) If your answer to Question (d)(1) is "Yes," state: **Not Applicable.**

Type of motion or petitioName and location of the court where the motion or petition was filed: **Not Applicable.**

Docket or case number: **Not Applicable.**

Date of the court's decision: **Not Applicable.**

Result (attach a copy of the court's opinion or order, if available):

       (3) Did you receive a hearing on your motion or petition?          ☐ Yes     X No

       (4) Did you appeal from the denial of your motion or petition?        ☐ Yes     X No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes     X No

(6) If your answer to Question (d)(4) is "Yes," state: **Not Applicable.**

Name and location of the court where the appeal was filed: **Not Applicable.**

Docket or case number: **Not Applicable.**

Date of the court's decision: **Not Applicable.**

Result (attach a copy of the court's opinion or order, if available): **Not Applicable.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Not Applicable.**

**GROUND TWO: APPELLATE COUNSEL FAILED TO CHALLENGE THE TRIAL COURTS FAILURE TO INQUIRE INTO THE PETITIONERS MENTAL HEALTH (COMPETENCY) TO ACCEPT THE PLEA WHERE THE COURT HAD REASONABLE GROUNDS TO BELIEVE THAT THE PETITIONER WAS INCOMPETENT TO CONFER WITH HIS ATTORNEY AND/OR ENTER A PLEA WITHOUT AN EVALUATION AS REQUIRED BY RULE OF CRIMINAL PROCEDURE.**

**(a) Supporting facts:** Appointed appellate counsel failed to challenge the lower tribunals failure to inquire into the Petitioners competence (or incompetence to proceed) when the court was aware of the Petitioners mental health history of; hospitalizations , "Baker Act" involuntary commitments , and medication regimen[2] of sychotropic medications prior to and during his incarceration in the county jail. There exist previous evaluations that have determined that the Petitioner has and is suffering from "suicidal" (bipoler) depression, possible anti-personality disorder(s), (requiring further evaluations) which includes:; emotional/ psychological distress, suicidal tendacies, erratic behaviour, poor decision making and the anti-personality disorder that would retard an individuals maturation (mentally) by at least 30%.

Further, Petitioner advised the court that he was taking psychotropic medications for recorded mental health issues and disorders and the record does cannot support the any fact that the court attempted to ensure that the medications did not affect Petitioners ability to sufficiently understand what was going on. There was no inquiry as to whether the medication has any euphoric affect, whether Petitioner consumed the medication on the day of the plea hearing and or sentencing. There was just "boilerplate" questions to end the inquiry. Under the circumstances of this case it was incumbent upon the judge to develop sufficient record information supporting Petitioner's competency to enter the guilty plea. This cause must be reversed for an evidentiary hearing in the least, if not, reverse for Psychological evaluations and a full and fair hearing into th e Petitioner's competence to proceed in accordance with the  **Fifth, Sixth and Fourteenth Amendments of the United States Constitution.**

---

[2]Includes **Risperdal,** causes confusion, disorganized thinking, loss of energy, worthlessness, psychomotor retardation (slow moving thinking), and **Seroguel,** treatment for schizophrenia, disorganized thinking (thoughts or making sense), delusions, lack of desire of being around others (See: anti-personality disorder), Manic depressive episodes.

AO 241                                                                                Page 8
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     **X No**

        (2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel's failure to challenge.**

    **(di) Post-Conviction Proceedings: Not Applicable.**

(d)     **Post-Conviction Proceedings: Not Applicable.**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes         **X No**

        (2) If your answer to Question (d)(1) is "Yes," state: **Not Applicable.**

        Type of motion or petitioName and location of the court where the motion or petition was filed: **Not Applicable.**

        Docket or case number: **Not Applicable.**

        Date of the court's decision: **Not Applicable.**

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?     ☐ Yes     **X No**

        (4) Did you appeal from the denial of your motion or petition?     ☐ Yes     **X No**

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     **X No**

        (6) If your answer to Question (d)(4) is "Yes," state: **Not Applicable.**

        Name and location of the court where the appeal was filed: **Not Applicable.**

        Docket or case number: **Not Applicable.**

        Date of the court's decision: **Not Applicable.**

        Result (attach a copy of the court's opinion or order, if available): **Not Applicable.**

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **Not Applicable.**

**GROUND THREE: COUNSEL WAS INEFFECTIVE FOR PREJUDICIALLY MISADVISING PETITIONER THAT "IF HE LOST TRIAL" THE ONLY SENTENCE HE WOULD RECIEVE WOULD BE THE DEATH PENALTY.**

**(a) Supporting facts:** Counsel was constitutionally ineffective for misadvising Petitioner that if he went to trial **and lost the**

only possible sentence he would receive, for First Degree Murder would be the death penalty! Otherwise, Petitioner would have elected to proceed to trial.

At the evidentery hearing, Petitioner's testimony conflicted with counsels statements that he advised the Petitioner, based upon the "overwhelming evidence" of guilt, that he (Attorney Caudill) told Petitioner that **"it was likely that he would be found guilty, and likely that he would receive the death penalty, if he did not plea to a life sentence," "if there was a penalty phase"**. At this time, Florida did not have a constitutional death penalty statute in accordance with *Hurst v. State,* 202 So3d 40 (Fla. 2016), however, the court in this case allowed a death qualified jury to be impanaled, but announced it would delay sentencing, if Petitioner went to trial, to give the legislature time to rule on the issue. See: Courts order denying post conviction relief.

Counsel Caudell (as well as Attorney's Culver and Megaro) further tesrtified that there would be a **"strong possibility"** that he, the Petititoner would be sentenced to death, regardless of the sentencing scheme implemented by the legislature.

Thus, confirmning the Petitioner's allegations. Again, Petitioner was not given any choice but to plea due to counsel's i.e: Attorney Caudell, Culver and Megaro's failure to further investigate the case, solely relying on the states own investigation, and failing to subject the states case to a sufficient adversarial testing in order to coerce Petitioner to plea.

This cause must be remanded for for an evidentiary hearing in the least, if not, reverse for a full and fair hearing in accordance with the **Sixth and Fourteenth Amendments of the United States Constitution.**

(b) If you did not exhaust your state remedies on Ground Three, explain why: **Not Applicable**

(c)     **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?          **X Yes**          No

   (2) If you did not raise this issue in your direct appeal, explain why: **Rule 3.850 motion**

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       **X Yes**          ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: **Rule 3.850 Motion for Post-Conviction Relief**

   Name and location of the court where the motion or petition was filed: **In the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida**

   Docket or case number: **16-2295 CFC**

   Date of the court's decision: **March 24th, 2020**

   Result: **Denied after evidentiary hearing.**

   (3) Did you receive a hearing on your motion or petition?          **XYes**          ☐ No

AO 241     Page 10
(Rev. 10/07)

| | | |
|---|---|---|
| (4) Did you appeal from the denial of your motion or petition? | X Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | X Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **FIFTH DISTRICT COURT OF APPEAL**

Docket or case number: **5D20-1065**

Date of the court's decision: **January 12th, 2021**

Result: **Affirmed**    **(2021 Fla. App. LEXIS 344)**

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **Not Applicable**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **Not Applicable**

### GROUND FOUR: COUNSEL PREJUDICIALLY MISADVISED PETITIONER TO ENTER PLEA AND FAILING TO OBJECT TO IMPOSITION OF AN ILLEGAL SENTENCE.

(a) **Supporting facts:** Counsel provided ineffective assistance for advising the Petitioner to plea to an illegal sentence in count one, First Degree Murder, and failing to object to imposition of an impermissable minimum-mandatory life sentence under the (10-20-life) statute as this element is not specified in the charging information/indictment; "that any fact that increases a defendant's statutory maximum sentence, other than the fact of a prior conviction, must be found by a jury or admitted by the defendant". Regardless of the statute;

The United States Supreme Court held,[3] that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be submitted to the jury. Further, relying on[4] any fact "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

This cause requires an evidentiary hearing for a determination as to whether Petitioner's case qualifies for review of "whether juries must find any facts that increase either the statutory maximum or minimum" as the **United States Constitution Amendment VI** applies, "where a finding of fact both alters the legally prescribed range and does so in a way that aggravates the penalty", relying on (See: fn.#2).

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    **X No**

---

[3] See: *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).
[4] See: *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

AO 241 (Rev. 10/07)                                                                                                         Page 11

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **Rule 3.850 motion**

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

**X**  **Yes**           ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Rule 3.850 Motion for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **In the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida**

Docket or case number: **16-2295 CFC**

Date of the court's decision: **March 24th, 2020**

Result: **Denied after evidentiary hearing.**

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | **X Yes** | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | **X Yes** | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | **X Yes** | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **FIFTH DISTRICT COURT OF APPEAL**

Docket or case number: **5D20-1065**

Date of the court's decision: **January 12th, 2021**

Result: **Affirmed   (2021 Fla. App. LEXIS 344)**

(7)     If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Four: **Not Applicable**

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     **X   Yes**          ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **Not Aplicable**

AO 241 (Rev. 10/07)                                                                                                          Page 12

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?       ☐ Yes       X No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **Not Applicable**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?       ☐ Yes       X No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **Not Applicable**

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Attorney's Caudell, Culver and Megao, Sanford, Florida**

(b) At arraignment and plea: **Attorney's Caudell, Culver and Megao, Sanford, Florida**

(c) At trial: **Not Applicable**

(d) At sentencing: **Attorney's Caudell, Culver and Megao, Sanford, Florida**

(e) On appeal: **Assistant Public Defender, Appellate Division, Datona Beach, Florida.**

(f) In any post-conviction proceeding: **Pro-se.**

(g) On appeal from any ruling against you in a post-conviction proceeding: **Pro-se.**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       ☐ Yes       X No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: **Not Applicable**

(c) Give the length of the other sentence: **Not Applicable**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   X No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

**This Petition is timely filed within the one year time limitation announced in 28 U.S.C. 2254**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief; Reverse and remand for an evidenctiary hearing in the least, if not remand for further plea negotiations or any other relief to which petitioner may be entitled.

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on June 17th 2021

Executed (signed) on June 17th, 2021

/s/ DAVION S Stewart

Signature: **Davion S. Stewart DC# C11314**